**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN MICHAEL TERRIO, | No.  1:26-cv-01019 JLT CDB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO REMAND AND FOR REASONABLE ATTORNEY'S FEES |
| v. | |
| GREENWICH INSURANCE COMPANY; AXA XL INSURANCE COMPANY AMERICAS; JOHN OSTER, an individual; and DOES 1 to 50, | (Doc. 6) |
| Defendants. | |

Kevin Michael Terrio moves to remand this action to the Superior Court of the State of California for the County of Kern, following removal to the federal court by Defendants Greenwich Insurance Company and AXA XL Insurance Company Americas.  (Doc. 6.)  The Court has considered the parties' briefing and, for the reasons explained below, **DENIES** Plaintiff's motions to remand and for attorney's fees.

## I.    BACKGROUND

On or about October 18, 2023, Dragados Flatiron Joint Venture entered into an automobile coverage insurance policy with Greenwich, which covered Dragados employees while operating Dragados vehicles.  (Doc. 1-3 at 5.)  On March 12, 2024, Plaintiff, a California resident, was an employee of Dragados and was operating a Dragados vehicle covered by the Greenwich

1

policy when he got into a serious car accident. (*Id.* at 3, 5.) Plaintiff settled with the other motorist in the accident for $15,000 in August 2024, but that amount was insufficient to fully compensate Plaintiff for his injuries. (*Id.* at 6.) Plaintiff then made a claim for underinsured motorist benefits totaling $1,985,000 under the Greenwich policy, but it was denied. (*Id.* at 6.) On December 18, 2025, Plaintiff filed this action seeking declaratory relief regarding underinsured motorist coverage under the Greenwich policy. (*Id.* at 3.)

In addition to Greenwich, Plaintiff brings this action against AXA, an affiliate of Greenwich, which allegedly issued the coverage for the Greenwich policy; John Oster, an alleged manager of AXA; and DOES 1-50. (*Id.* at 4.) Defendants assert that they have no record of ever having employed an individual named John Oster. (Docs. 8 at 2; 9 at 2.) When Defendants informed Plaintiff's counsel that John Oster is not an AXA employee, Plaintiff's counsel stated that he will dismiss him from the case. (Doc. 8-1 at 2.) On January 21, 2026, Plaintiff filed an amendment to his complaint identifying David Burke as Doe 1. (Doc. 10-1 at 6–7.) AXA's personnel records indicate David Burke worked for an entity named XL Conversion Holding Company in California but resigned in 2004. (Doc. 9 at 2.)

On February 5, 2026, Defendants filed a notice of removal to federal court based on diversity jurisdiction. (Doc. 1.) Also on February 5, 2026, at 10:40 a.m. and 2:09 p.m., Plaintiff filed amendments to the complaint naming Lauren Olejar and John Kha as Does 2 and 3, respectively. (Doc. 10-1 at 9–13.) AXA's personnel records indicate Lauren Olejar is an Underwriting Manager for one of AXA's companies in Pennsylvania. (Doc. 9 at 2.) Plaintiff alleges John Kha was an employee of AXA involved in coverage communications relating to the Greenwich policy. (Doc. 6 at 7.) The Court's electronic filing system generated notice of Plaintiff's filings on February 6, 2026, at 11:01 a.m. and 11:04 a.m. (*Id.* at 10, 13.) At 11:18 a.m., Defendants filed their notice to the state court of removal to federal court. (*Id.* at 22.) On February 27, 2026, Plaintiff moved to remand on the basis that Defendants are not completely diverse parties because they failed to establish fraudulent joinder of John Oster and did not consider the citizenship of John Kha. (*Id.* at 2.)

Greenwich and AXA are both incorporated in Delaware and have their principal places of

2

business in Connecticut. (Doc. 1-2 at 2.) Plaintiff asserts John Kha is a California resident, but neither party alleges the citizenship of John Oster, David Burke, or Lauren Olejar. (Doc. 6 at 7.)

## II.    LEGAL STANDARD

A suit filed in state court may be removed to federal court if the court would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). Defendants desiring to remove a civil action to federal court must file a notice of removal containing a short and plain statement of the grounds for removal, . . ." 28 U.S.C. § 1446(a). Defendants need only allege that the parties are diverse and that the amount in controversy exceeds $75,000 to establish diversity jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008); *see also Acad. Of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (endorsing the holding in *Ellensburg*).

But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Acad. Of Country Music*, 991 F.3d at 1061 (quoting *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). A federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

For diversity purposes, a person is a citizen of a state if he or she is: (1) a citizen of the United States and (2) domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).

///

///

///

3

## III.    ANALYSIS[1]

### A.    Plaintiff Timely Joined Defendant Kha

Under 28 U.S.C. § 1446(d), removal becomes effective once the removing defendant files the notice of removal in federal court, gives written notice of removal to all adverse parties, and files a copy of the notice with the clerk of the state court.  28 U.S.C. § 1446(d).  California Code of Civil Procedure § 474 permits a plaintiff who is ignorant of a defendant's name to designate the defendant by a fictious name and amend when the plaintiff discovers the defendant's true name.  Cal. Code Civ. P. § 474.  When a defendant is properly named under § 474, the amendment relates back to the filing date of the original complaint.  *Woo v. Superior Court*, 89 Cal.Rptr.2d 20, 24 (1999).

Though Defendants filed their notice of removal in federal court before Plaintiff named John Kha as Doe 3, Defendants' removal was not effective until they filed their notice of removal in the state court, which was after Plaintiff substituted John Kha, as well as David Burke and Lauren Olejar as named defendants.  Accordingly, Plaintiff properly joined John Kha, David Burke, and Lauren Olejar as parties and their citizenship would be considered for purposes of establishing diversity of jurisdiction, except that they were fraudulently joined.

### B.    Plaintiff Fraudulently Joined Individual Defendants

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).  A defendant establishes fraudulent joinder by showing "1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted.)  "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (citations and internal quotation marks omitted)

---

[1] The parties do not dispute the amount in controversy, the parties' citizenship, or that defendant's notice of removal was timely.

(emphasis in original.)  "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder."  *Id.*  (citation and internal quotation marks omitted.)  In assessing fraudulent joinder, courts may look beyond Plaintiff's complaint to resolve any factual disputes.  *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) (reaffirming that courts may "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction.")

Because Plaintiff seeks only "a declaration of rights and duties regarding underinsured motorist coverage" under the Greenwich policy, Defendants Greenwich and AXA assert that Plaintiff cannot establish a valid cause of action against Defendants Kha, Oster, Burke, and Olejar who are not parties to the Greenwich policy.  (Docs. 1-3 at 2; 7 at 10.)  Thus, Defendants Greenwich and AXA claim Defendants Kha, Oster, Burke, and Olejar are sham defendants who were fraudulently joined as parties to prevent removal.

Though Plaintiff asserts Kha and Oster were involved in the handling and determination of the coverage dispute at issue, the question is not, as Plaintiff purports, "whether there is any possibility that Plaintiff can state a viable claim against [the alleged sham defendants] under California law," but, whether there is any possibility that the *complaint states* a cause of action on which Plaintiff can bring against the alleged sham defendants.  Plaintiff seeks only declaratory judgment on the rights and duties under the Greenwich policy, but an insurer's employees are not parties to insurance policies entered into by their employer.  *See Sanchez v. Lindsey Morden Claims Services, Inc.*, 84 Cal.Rptr.2d 799, 802 (1999) ("adjusters hired by insurers have no contract with insureds"); *see also Tran v. Farmers Group, Inc.*, 128 Cal.Rptr.2d 728, 738 (2002) ("It is settled that [a claim for bad faith] lies only against the insurer, and is based on the contractual relationship.")  Accordingly, Plaintiff cannot establish a cause of action against Kha, Oster, Burke, and Olejar in this action and their citizenship will not be considered for purposes of diversity.  Consequently, Plaintiff and Greenwich and AXA are completely diverse parties.

Moreover, even if the Court exercised its discretion under 28 U.S.C. § 1447(e) to permit joinder of Kha, Plaintiff's claim against him must still be facially viable.  *See Reyes v. FCA US*

*LLC*, No. 1:20-cv-00833, 2020 WL 7224286, at *8 (E.D. Cal. Dec. 8, 2020.)  Thus, Plaintiff's motion would still fail based on fraudulent joinder for the same reasons discussed above.

### C.    Plaintiff is not Entitled to Attorney's Fees

Plaintiff asserts he is entitled to reasonable attorney's fees because Defendants failed to establish fraudulent joinder of John Oster and failed to allege the citizenship of John Kha.  (Doc. 6 at 10.)  "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court finds removal appropriate based on diversity jurisdiction.  Thus, Plaintiff is not entitled to attorney's fees.

## IV.    CONCLUSION

For the reasons addressed above, Plaintiff's motion to remand and for attorney's fees, Doc. 6, is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 12, 2026**

UNITED STATES DISTRICT JUDGE

6